# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-02238-TWP-MG |
| | ) | |
| CHERYL MAJCHROWICZ Individually and as | ) | |
| Personal Representative of the Estate of Beverly | ) | |
| Jean Thompson, deceased, | ) | |
| AMY BENSEMA Individually and as Personal | ) | |
| Representative of the Estate of Beverly Jean | ) | |
| Thompson, deceased, | ) | |
| and PAUL PORACKY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Cheryl Majchrowicz ("Majchrowicz), Amy Bensema (Bensema), and Paul Poracky ("Attorney Poracky") (collectively "the Defendants") (Dkt. 11)[1]. *Pro se* Plaintiff Douglas Thompson ("Thompson") initiated this action after a Qualified Domestic Relations Order was granted in favor of the Defendants, who then began to receive a portion or all of his pension plan benefits. The Defendants move to dismiss or alternatively receive summary judgment because the federal court lacks jurisdiction, Thompson has failed to state claim upon which relief may be granted, there is no genuine issue of material fact, and Thompson's claim is frivolous. Defendants also seek Rule 11 sanctions. For the following reasons, the Court **grants** the Motion to Dismiss and **denies** the request for sanctions.

---

[1] In their memorandum in support of the 12(b)(6) Motion to Dismiss, Defendants seek dismissal and/or alternatively, a motion for summary judgment (Dkt. 12). Because a dismissal under 12(b)(6) is dispositive, the Court need not entertain an alternative motion for summary judgment.

## I. BACKGROUND

As the rules require, in evaluating the sufficiency of the Complaint, the Court accepts well-pleaded facts as true, and draws all inferences in Thompson's favor. *See Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

Thompson is currently incarcerated at Pendleton Correctional Facility, in Pendleton, Indiana, serving a sentence after being convicted of murdering his wife, Beverly Thompson. (Dkt. 2, Dkt. 12-1.) Following the death of their mother, Beverly Thompson's surviving daughters--Majchrowicz and Bensema, two of the Defendants in this case--on behalf of the Estate of Beverly Jean Thompson ("the Estate"), filed suits against Thompson to recover damages. One of the actions was a wrongful death suit that resulted in a five million dollar ($5,000,000.00) judgment. (Dkt. 2 at 3.) In addition to the wrongful death suit, Majchrowicz and Bensema, on behalf of the Estate filed for a Qualified Domestic Relations Order ("QDRO"), to obtain 100% of Thompson's retirement pension from the Beer Industry Local Union No. 703. *Id*. at 2. Defendant Poracky was the attorney that represented the Estate in both actions.

On January 31, 2017, a judge in the Lake Circuit/Superior Court, Indiana, signed the QDRO in favor of the Estate (Dkt. 12-3). The QDRO was left modifiable to ensure that the order complied with the Employees Retirement Income Security Act ("ERISA") and Thompson's Retirement Pension Plan if both parties agreed to the need for amendments. *Id*. Thompson has made attempts to modify the QDRO by contacting the Defendants and filing a Motion to Modify the order. (Dkt. 2 at 2.) He alleges that the QDRO does not meet the requirements of his retirement plan or ERISA. Thompson alleges "…when Defendants filed the action in court to obtain Plaintiff's retirement plan, and the court ruled in Defendants' favor and punished Plaintiff by taking his retirement income and awarding it to the Defendant, a double jeopardy violation occurred,

violating Plaintiff's 14th Amendment right to the Indiana and United States Constitution." *Id*. at 2-3.

On August 12, 2021, Thompson filed the instant Complaint alleging that the Defendants fraudulently obtained the QDRO, asking the Court to restore his pension benefits to him, order that the Defendants compensate him for pain and suffering, and enjoin the Defendants from receiving any of the benefits of his pension. (Dkt. 2 at 3-4.) The Court screened Thompson's *pro se* Complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B) and determined that the action could proceed, without prejudice to Defendants filing a proper Rule 12 motion. (Dkt. 6.) Subsequently, the Defendants filed the instant Motion to Dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581

F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules.… [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

### III. DISCUSSION

Thompson alleges that the Defendants fraudulently obtained the full amount of his pension through a QDRO. He is suing for a violation of 29 U.S.C. § 1132, seeking civil enforcement of the ERISA to determine the rights to his retirement pension subject to the QDRO. (Dkt. 6.) Thompson argues "I have the right to bring this suit against the named Defendants because fraud was committed by Defendants when initiating the claim against Plaintiff to obtain the Qualified Domestic Relations Order and double jeopardy." (Dkt. 2 at 3.)

4

The Defendants seek dismissal of Thompson's Complaint for failure to state a claim because it violates the *Rooker-Feldman doctrine*. (Dkt. 12 at 3.) Defendants also argue that summary judgment is justified as Thompson's claims are barred by *res judicata* and/or collateral estoppel. *Id*. at 6. Finally, the Defendants argue that Rule 11 sanctions awarding them fees should be imposed on Thompson to deter him from making "frivolous and vexatious filings." *Id*. at 8.

### A.   **Thompson's claim is barred by the *Rooker-Feldman* doctrine**

The Defendants contend that Thompson's claim is barred by the *Rooker-Feldman* doctrine because it is inextricably intertwined with the underlying lawsuit in the Lake County Circuit/Superior Court, and thus is subject to dismissal under Rule 12(b)(6). The *Rooker-Feldman* doctrine "bars federal jurisdiction when the federal plaintiff alleges that [his] injury was caused by a state court judgment." *Remer v. Burlington Area School District*, 205 F.3d 990, 996 (7th Cir. 2000). The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising jurisdiction over cases brought by parties who lost in state court which challenge state court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The goal of the doctrine is to ensure federal courts do not exercise appellate authority over state courts. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine." *Id*. When a lower court considers whether *Rooker-Feldman* bars an exercise of its jurisdiction over a case, "[t]he fundamental . . . question is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." 326 F.3d 816, 822. "If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower courts lack jurisdiction." *Id. In Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005), the United States Supreme Court outlined four

5

requirements for the *Rooker-Feldman* doctrine to apply. Those requirements are: (1) the case was "brought by state-court losers", (2) "complaining of injuries caused by state-court judgments", (3) "rendered before the district court proceedings commended", and (4) "inviting district court review and rejection of those judgments. *Id*.

The Defendants contend the allegations made by Thompson in his Complaint are inextricably intertwined with the state court QDRO and satisfy the four requirements for application of the *Rooker-Feldman* doctrine. Defendants point out that since the QDRO was issued in January 2017, Thompson has made multiple attempts in the state court proceedings to modify the order. The first of these attempts occurred on October 6, 2020, when Thompson filed a Notice of Claim for Modification of Qualified Domestic Relations Order in the Madison Circuit Court 5. (Dkt. 12-4.) This notice of complaint was dismissed on April 29, 2021. On March 1, 2021, Thompson filed a Motion for Change of Judge in the Superior Court that was denied. (Dkt. 12-5.) After that, Thompson filed a Motion to Request Leave to Modify/Amend Qualified Domestic Relations Order. (Dkt. 12-7.) Thompson also filed a Motion for Leave to File Belated Notice of Appeal to try to amend the QDRO in the Indiana Court of Appeals that was also denied. (Dkt. 12-8.) Finally, Thompson filed the instant action in which he seeks "to have the funds taken from my retirement pension from Beer Industry Local Union No # 703 returned to me" and asks that this Court "make sure defendants never be allowed to obtain any parts of my pension 'retirement' ever." (Dkt. 2 at 4.)

Defendants argue that allowing Thompson's "frivolous Complaint to proceed would violate *Rooker-Feldman* and would provide Plaintiff a third bite at the apple." (Dkt 12 at 5.) They contend that Thompson is a losing party in state court and *Rooker-Feldman* bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *See Johnson v. De Grandy*, 512 U.S. 997, 1005–1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

The Court is persuaded. Thompson's claim relies on the QDRO granted by the state court as it relates to his "retirement pension." He asks this Court to determine to whom the rights and benefits of his retirement pension belong under the QDRO. Thus, the *Rooker-Feldman* analysis is the standard to determine whether Thompson's claim is precluded or not. It is undisputed that Thompson was the loser in the state court proceedings concerning the QDRO. The next question to consider in the *Rooker-Feldman* analysis is whether a state court judgment will be set aside by the plaintiff's desired relief. *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994). Here, based on the preliminary injunction that Thompson sought, his goal is clearly to set aside or at least bar the enforcement of the state court's order. Furthermore, because one of Thompson's claims for relief involves the return of the funds from his retirement pension, a decision in his favor will effectively reverse the decision of the state court. The Seventh Circuit has noted that, "when the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of the state court." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 743 (7th Cir. 2016).

Concerning the fourth requirement, Thompson is clearly inviting district court review and rejection of the state court judgments Though the federal claim is not an "obvious appeal" to a federal court from a state court, it is "inextricably intertwined" with a state court determination and violates the *Rooker-Feldman* doctrine. Claims that directly seek to set aside a state court judgment are *de facto* appeals that are barred without further analysis." *Jakupovic v. Curran*, 850 F.3d 898,

902 (7th Cir. 2017).  Accordingly, the Defendants' Motion to Dismiss is **granted.**[2] The Court need not discuss the Defendants' other arguments since they would result in the same conclusion.

**B.      Rule 11 Sanctions are not appropriate in this case**

Defendants request that they be "awarded fees due to Thompsons vexatious litigation." (Dkt. 12 at 8). In particular, they contend,

> [t]he Plaintiff knows no bounds or boundaries and will continue submitting frivolous and vexatious filings unless this Court steps in to stop this pattern of behavior. At a minimum, Thompson must be required to show cause why he should not be sanctioned with a significant monetary dollar amount and barred from proceeding in forma pauperis in any attempted future filings.

*Id*.  The standard for imposing sanctions [under Fed. R. Civ. P. 11] is one of reasonableness under the circumstances." *In re Ronco, Inc.*, 838 F.2d 212, 217 (7th Cir. 1988).  Within the Seventh Circuit, sanctions are justified on one of two grounds.  The first is the "frivolousness clause," which is made up of reasonable inquiries into the facts and the law.  *See Perry v. Barnard*, 745 F. Supp. 1394, 1406 (S.D. Ind. 1990).  The second ground is the "improper purpose clause," which establishes that an action may not be taken to delay, harass, or increase litigation costs.  *See id.* If either inquiry results in a violation, then the court may impose sanctions.  *Id*.

Here, Mr. Thompson, unlike other *pro se* litigants who have had sanctions imposed upon them, "has [not] abused the judicial process with frivolous litigation." *Dix v. Edelman Financial Services*, 978 F.3d 507, 521 (7th Cir. 2020).  Nor has he received prior "due warning or the imposition of sanctions." *Id.* While "*pro se* litigants are not excused from the monetary sanctions available under Fed. R. Civ. P. 11 and Fed. R. App. P. 38," attempts to impose sanctions of any kind must be warranted under the relevant circumstances.  *Id.*

---

[2] Defendants seek dismissal under Rule 12(b)(6), however dismissal is also warranted for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

8

The circumstances here do not warrant sanctions. To the Courts knowledge, this is Thompson's first action in federal court concerning the instant matter. Moreover, there is no evidence that this action was taken to delay, harass or increase litigation costs; rather it appears that Thompson has a sincere belief that he is entitled to the relief requested. While Thompson's Complaint fails to state a claim upon which relief can be granted, and it is subject to dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the claim is not necessarily frivolous. The standard for frivolity is one where "the petitioner can make no rational argument in law or fact to support his or her claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 307 (1988). Thompson does not satisfy that standard. He makes a rational argument to support his claim, however, this Court lacks jurisdiction to hear his claim based on the *Rooker-Feldman* doctrine. Thus, sanctions are not warranted or justified in this case.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss, (Dkt. 11) but **DENIES** the Defendants' request for sanctions. Because the Court has determined that it lacks subject matter jurisdiction the **dismissal is with prejudice**.

**SO ORDERED.**

Date: 4/13/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Douglas Thompson, #220880
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Paul Bernard Poracky
KORANSKY BOUWER PORACKY PC
pporacky@kblegal.net